**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5862-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RANDALL L. FIELDS,

     Defendant-Appellant.

_____

Submitted February 10, 2020 – Decided May 15, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 13-05-0464.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Evgeniya Sitnikova, Deputy Attorney General, of counsel and on the brief).

Appellant filed a pro se supplemental brief.[1]

PER CURIAM

Defendant Randall L. Fields appeals from the Law Division's June 26, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

A jury convicted defendant of first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1), third-degree making terroristic threats, N.J.S.A. 2C:12-3(b), fourth-degree criminal mischief, N.J.S.A. 2C:17-3(b)(2), and related weapons offenses. The charges arose from his robbery of a convenience store on March 6, 2013. After his conviction, defendant pled guilty to a single unrelated charge of fourth-degree failure to register as a sex offender, N.J.S.A. 2C:7-2. The trial court then sentenced defendant to an aggregate term of eighteen years, subject to a parole ineligibility period under the No Early Release Act, N.J.S.A. 2C:43-7.2.

We affirmed defendant's conviction and sentence in an unpublished opinion. See State v. Fields, No. A-1416-14 (App. Div. Mar. 24, 2016) (slip op.

---

[1] Defendant's handwritten supplemental brief did not set forth any specific point headings or whether his arguments were raised before the PCR judge as required by Rule 2:6-2(a)(1). Moreover, defendant's supplemental brief arguments are procedurally barred by Rule 3:22-5 or without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

A-5862-17T1

at 22). The Supreme Court denied defendant's petition for certification. See State v. Fields, 227 N.J. 218 (2016).

The facts underlying defendant's conviction are set forth in our earlier opinion and need not be restated here. See Fields, slip op. at 2-8.

In his direct appeal, defendant challenged the victim's out-of-court identification. He argued that it should have been suppressed and that the "trial court's jury charge on identification was fatally flawed." He also contended that a reversal was warranted because the trial court erroneously excluded evidence of injuries he sustained "during the course of his arrest." Finally, he challenged his sentence as excessive.

After the Supreme Court denied defendant's petition for certification, on May 5, 2017, defendant filed his PCR petition. In his supporting certification, he stated that his petition was not procedurally barred by Rule 3:22-4 because of the "unique circumstances" presented, which "could not have been raised before this time, because of [his] reliance upon [his] attorney throughout" his appeal.

In December 2017 defendant filed an amended petition and brief. In that filing, he argued he was denied the effective assistance of counsel. Citing first to the arguments he made in a "pro se [forty-one]-page supplemental letter-brief

dated May 5, 2017," defendant asserted additional claims against trial counsel.[2] Defendant stated that trial counsel "was ineffective for failing to request a line-up identification procedure . . . because the show-up procedure utilized by the police . . . was suggestive." Defendant also asserted that trial counsel was ineffective because he did not "challenge the 'identification' of [defendant] by the police dog."

Judge Terrence R. Cook, who was also the trial judge, considered oral argument as to defendant's petition on March 16, 2018. On June 26, 2018, Judge Cook issued an order denying defendants petition, supported by a comprehensive fifteen-page written decision.

After reviewing the applicable test for whether defendant established a prima facie claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687-88 (1984), as adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 49-50 (1987), the judge addressed each of defendant's claims in his PCR petition. Judge Cook first concluded that defendant's contention about the out-of-court identification by the victim and defendant's assertion that counsel should have pursued a lineup were barred

---

[2] Defendant's appendix does not contain a copy of the pro se brief, preventing us from determining what other issues he raised before the PCR judge.

A-5862-17T1

under Rule 3:22-5 because those issues were "substantially similar to the issues previously raised on appeal."

Despite finding the claims were barred, Judge Cook considered them under Strickland and concluded that defendant failed to demonstrate that trial counsel committed any errors. The judge found that the record belied defendant's contentions to the contrary because it reflected that "trial counsel properly challenged [defendant's] identification under State v. Henderson, 208 N.J. 208 (2001)." The judge noted that at the time that counsel was assigned, defendant "was already in police custody and incarcerated," and therefore had no "authority or ability to gather any participants for a line-up, take them to the jail, line them up with the [defendant], secure the victim and compel him to identify the person who conducted the robbery and attacked him." Moreover, defendant could not demonstrate that such a procedure, even if it could occur, would have changed the outcome in this matter.

Judge Cook also addressed defendant's claim against counsel arising from his alleged failure to challenge testimony about the police department's canine's "identification" of defendant. Here again, Judge Cook found that defendant's contention was belied by the record. He found that trial counsel challenged the testimony and elicited from the canine officer that the tracking scent they used

"could have belonged to anyone." Further, the witness was also forced to concede that "he was unaware multiple people had been in the vicinity of the back of the store." The judge concluded defendant failed to prove any deficiencies in counsel's performance in that regard.

Turning to defendant's allegation that counsel "fail[ed] to object to evidence that [defendant] resisted arrest," the judge found that counsel's failure to object did "not constitute deficient conduct nor was it prejudicial." The judge concluded that the evidence of defendant's resisting was not barred by Rule 404(b) as argued by defendant, but was in fact "an act intrinsic to the underlying offense," a conclusion we reached in our opinion affirming defendant's conviction. See Fields, slip op. at 18. And again, the judge found that contrary to defendant's assertion, his trial counsel did address "the resisting arrest allegations when he argued for admission of the evidence of injuries [defendant] received as a result of struggling with law enforcement."

Turning to other claims evidently raised by defendant in his pro se supplemental brief, the judge identified each of the issues argued by defendant. The judge concluded as to each of them that defendant failed to establish any deficiencies in trial counsel's performance but, even if he had been able to do so, "given the strong evidence of guilt in this case," defendant could not establish

6

the second prong under <u>Strickland</u> because "it would not have produced a different result."  This appeal followed.

On appeal defendant contends the following points:

POINT I

DEFENDANT'S PETITION FOR [PCR] SHOULD NOT BE BARRED BECAUSE DEFENDANT'S CLAIM THAT COUNSEL WAS INEFFECTIVE FOR NOT CHALLENGING THE LEGALITY OF THE SHOW-UP PROCEDURE WAS NEVER ADJUDICATED PRIOR TO HIS PCR PROCEEDINGS.

POINT II

DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL ENTITLING HIM TO [PCR] OR AN EVIDENTIARY HEARING ON THE ISSUES OF FAILING TO PROPERLY INVESTIGATE AND ADEQUATELY CHALLENGE THE IDENTIFICATION OF DEFENDANT AT HIS SUPPRESSION HEARING, ARGUE THE INADMISSIBILITY OF THE K-9 OFFICER'S TESTIMONY, FAILING TO OBJECT TO THE PREJUDIC[I]AL POLICE TESTIMONY REGARDING THE EVENTS OF HIS ARREST, FAILING TO ARGUE MITIGATING MENTAL HEALTH FACTORS AT SENTENCING, AND FAILING TO OBJECT TO THE TESTIMONY AND ADMISSION OF THE MONEY INTO EVIDENCE WITHOUT REQUIRING PROOF OF A CHAIN OF CUSTODY.

A-5862-17T1

A.     APPLICABLE LAW.

B.     COUNSEL WAS INEFFECTIVE FOR FAILING TO ADEQUATELY CHALLENGE THE VERACITY OF VICTIM'S VOICE IDENTIFICATION OF DEFENDANT AND INHERENTLY SUGGESTIVE SHOW-UP PROCEDURE.

C.     COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE ADMISSION OF K-9 OFFICER'S TESTIMONY AS UNDULY PREJUDICIAL.

D.     COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE PREJUDICIAL EFFECT THE REPEATED STATEMENTS REGARDING NON-COMPLIANCE DURING THE EVENTS OF HIS ARREST HAD ON HIS CONVICTION FOR ROBBERY.

E.     COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUIRE PROOF OF A CHAIN OF CUSTODY FROM THE MONEY FOUND ON THE DEFENDANT AT THE TIME OF ARREST PRIOR TO ALLOWING TESTIMONY AS TO ITS CONTENTS.

We are not persuaded by any of these contentions.

We review de novo a decision to deny a PCR petition where a PCR court did not conduct an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004). Applying that standard, we conclude that Judge Cook correctly denied defendant's petition substantially for the reasons expressed in the judge's

thorough written decision. We find no merit to any of defendant's contentions to the contrary and conclude, as did the PCR judge, that defendant failed to establish his petition was not time barred or that his contentions met the two-pronged test under <u>Strickland</u>. For that reason, defendant failed to establish he was entitled to an evidentiary hearing. <u>State v. Preciose</u>, 129 N.J. 451 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5862-17T1